## 1471.　R. M. ROSE COMPANY v. THE STATE.

In view of the fact that the decision of the Supreme Court, in answer to the certified questions submitted by this court, is controlling and overrules the decision of this court in *Rose* v. *State,* 4 *Ga. App.* 588 (62 S. E. 117), the judge of the superior court erred in refusing to sanction the petition for certiorari.　See *R. M. Rose Co.* v. *State,* 133 *Ga.* 353 (65 S. E. 770).

Certiorari; from Fulton superior court—Judge Ellis.　October 29, 1909.

Argued November 23, 1909.—Decided March 4, 1910.

*Anderson, Felder, Rountree & Wilson, Rosser & Brandon,* for plaintiff in error.

*C. D. Hill, solicitor-general, Lowry·Arnold, solicitor,* contra.

Russell, J.　It goes without saying that after the very careful consideration of the questions involved in the case of *Rose* v. *State,* 4 *Ga. App.* 588 (62 S. E. 117), in which the writer had the honor of delivering the opinion of this court, he deemed it unnecessary to certify to the Supreme Court the question presented, which involved merely the ability of the accusation to withstand the general

demurrer.    In the present case questions involving the construction of the constitution were properly presented, and we were all of the opinion that it was our duty to certify these questions to the Supreme Court; whereas in the case of *Rose* v. *State,* supra, these questions were not directly made.     The practical effect of the answer of the Supreme Court to the questions certified is to overrule the decision of this court in the case above cited.    While it is our duty judicially to be convinced of the correctness of the ruling of the Supreme Court, we are still of the opinion personally that our decision in the former case is in strict accord with the ruling of the Supreme Court of the United States in DeLamater *v.* South Dakota, 205 U. S. 93 (51 L. ed. 724, 27 Sup. Ct. 447).    As to the soundness of the reasoning of the DeLamater case, we did not then and do not now express any opinion.     However, our personal opinion is unimportant; the judicial opinion must control.

*Judgment reversed.*